

FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 10:24 am, Nov 18, 2020*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| FREDDY L. WAMBACH,  Plaintiff,  v.  ROBERT HOYT, et al., in their individual and official capacities,  Defendants. | CIVIL ACTION NO.: 2:19-cv-137 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 9.[1] This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants in their official capacities and Plaintiff's claims for false arrest and false imprisonment under the Fourth Amendment against Defendants. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's claim for excessive force against Defendants Hoyt, Sullivan, Blaquiere, and Taylor.

---

[1] Plaintiff filed his Complaint on November 12, 2019. Doc. 1. Plaintiff then filed a supplement to his Complaint on January 28, 2020, in which he reiterates his causes of action and re-states his requested relief but does not add any material facts. Docs. 8, 9. The Court refers to Plaintiff's Complaint and the supplement collectively as "Plaintiff's Complaint."

**PLAINTIFF'S CLAIMS**[2]

On December 6, 2017, Plaintiff asserts Defendants, deputies of the Camden County Sheriff's Department, arrested him without a warrant or probable cause. Doc. 1. Plaintiff had been recently released from jail, following the entry of a family violence order enjoining Plaintiff from contacting his girlfriend, Ms. Rodriguez. Id. at 12. After arriving home, Defendants knocked and announced at Plaintiff's apartment. Id. at 13. Plaintiff opened the door, then the officers "rush[ed] in," "slammed" him to the floor, and arrested him without explanation. Id. Two days later, Plaintiff received an arrest warrant, explaining that Plaintiff was arrested for violating the family violence order by contacting Ms. Rodriguez while he was previously incarcerated at the Camden County Jail on December 1, 2017. Id. Plaintiff contests his arrest warrant, believing the basis for his arrest was fabricated, thereby violating his Fourth Amendment rights. Id. at 12–13. Further, Plaintiff avers his Eighth Amendment rights were violated when Defendants used excessive force while arresting him. Id. at 5.

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by

---

[2] All allegations set forth here are taken from Plaintiff's Complaint. Docs. 1, 9. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

### I.     Official Capacity Claims

Plaintiff is suing all Defendants in both their individual and official capacities.  Doc. 1. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983.  Id. at 71. Furthermore, it is well-settled law that sheriffs and members of the sheriff department acting in a law enforcement capacity are acting on behalf of the state.  See Manders v. Lee, 338 F.3d 1304,

1308 (11th Cir. 2003); Grech v. Clayton County, 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer. . . ."). As this Court has recognized:

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged.  Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state—not as county officials. . . .  In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors. . . they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (internal citations omitted) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); and Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Camden County Sherriff's Department. Accordingly, the Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities.  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983.

**II.      Plaintiff's Claims for False Arrest and False Imprisonment**

Plaintiff asserts claims against the named Defendants (i.e., the deputies who arrested him on December 6, 2017) for false arrest, false imprisonment, and excessive force under 42 U.S.C. § 1983 seeking monetary damages.  Doc. 9 at 3–4.

In order to bring a § 1983 action for damages which "challenge[s] the validity of [an] outstanding criminal judgment[,]" a plaintiff must first "prove the unlawfulness of his confinement or conviction." Heck v. Humphrey, 512 U.S. 477, 486 (1994). To show an unlawful conviction or confinement, the plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Id. at 486–87. If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," and the sentence has not already been invalidated, the court must dismiss the complaint. Id. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."). Conversely, "as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred." Dyer v. Lee, 488 F.3d 876, 879–80 (11th Cir. 2007).

Some § 1983 claims, due to their very nature, are incompatible with the conviction as a matter of law. Id. at 879. Other claims, however, can resolve in the plaintiff's favor without disturbing the conviction because, even after a successful claim, there remains an independent "construction of the facts that would allow the underlying conviction to stand." Id. For example, Fourth Amendment claims related to unreasonable searches and seizures are not necessarily barred under Heck, even when the evidence was admitted at trial, because "illegal searches may be followed by valid convictions." Harvey v. United States, 681 F. App'x 850, 853 (11th Cir. 2017) (citing Heck, 512 U.S. at 487 n.7) ("[A] suit for damages arising out of an allegedly unreasonable search . . . may proceed even if evidence from the challenged search was introduced in the criminal trial that resulted in the plaintiff's conviction."). This is because other

5

evidence might support the conviction or other legal doctrines (e.g., inevitable discovery, independent source) could provide alternative grounds for admissibility. Harvey, 681 F. App'x at 853 (citing Heck, 512 U.S. at 487 n.7); Pritchett v. Farr, 592 F. App'x 816, 819 (11th Cir. 2014); Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003).  In such a circumstance, courts "must 'look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted.'"  Harvey, 681 F. App'x at 853–54 (quoting Hughes, 350 F.3d at 1160 n.2).  "When the circumstances surrounding a conviction cannot be discerned from the record" and it is otherwise "impossible for a court to determine whether a successful § 1983 damages action . . . would necessarily imply that the conviction is invalid," the claim is not barred by Heck.  Id. at 853 (quoting Hughes, 350 F.3d at 1160 n.2).

Here, Plaintiff first alleges Defendants' unconstitutional actions in the form of a warrantless arrest led to his unlawful imprisonment, and he seeks relief from that unlawful imprisonment in the form of release and monetary damages.  However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Heck, 512 U.S. at 487.  Thus, to the extent Plaintiff's claim in this case is based on improper imprisonment resulting from a wrongful arrest, it is not actionable in a § 1983 suit and should be dismissed for failure to state a claim. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's false arrest and false imprisonment claims.

Plaintiff's excessive force claim, however, is not Heck-barred.  As the Eleventh Circuit recently explained in Harrigan v. Metro Dade Police Department Station #4, an arrestee's § 1983 claim is not barred by Heck because a successful claim for excessive force would not necessarily

6

negate the underlying conviction, and that claim shall proceed.  No. 17-11264, 2020 WL 6039905, at *6–7 (11th Cir. Oct. 13, 2020).

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants in their official capacities and Plaintiff's claims for false arrest and false imprisonment under the Fourth Amendment against Defendants.  However, I **FIND** one of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claim by separate Order: Plaintiff's claim for excessive force against Defendants Hoyt, Sullivan, Blaquiere, and Taylor.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of November, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA