## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

FREDDY L. WAMBACH,

      Plaintiff,

       v.

ROBERT HOYT, et al.,

      Defendant.

CIVIL ACTION NO.: 2:19-cv-137

## O R D E R

This matter is before the Court on Defendants' Motion to Dismiss.  Doc. 24.  A motion to dismiss is dispositive in nature, meaning granting a motion to dismiss could result in the dismissal of individual claims or an entire action.  Consequently, the Court is reluctant to rule on the Motion to Dismiss without providing Plaintiff an opportunity to respond or advising Plaintiff of the consequences for failing to respond.[1]

Accordingly, the Court **ORDERS** Plaintiff to file a response either opposing or indicating his lack of opposition to these Defendants' Motion to Dismiss within **14 days** of the date of this Order.  **If Plaintiff fails to file a timely response, the Court will presume Plaintiff does not oppose the Motion and may dismiss individual claims or the entire action.**

See Local R. 7.5 ("Failure to respond . . . shall indicate that there is no opposition to a motion.").  To ensure Plaintiff's response is made with fair notice of the requirements of the Federal Rules

---

[1]     Granting a motion to dismiss without affording a plaintiff either notice or an opportunity to be heard is disfavored.  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336–37 (11th Cir. 2011); see also Neitzke v. Williams, 490 U.S. 319, 329–30 (1989) (A notice of a motion to dismiss "alert[s plaintiff] to the legal theory underlying the defendant's challenge" and enables him to meaningfully respond "by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.").

of Civil Procedure regarding motions to dismiss generally, the Court **DIRECTS** the Clerk of Court to provide a copy of Federal Rules of Civil Procedure 12 and 41 when serving this Order upon Plaintiff.

In addition, the Court directed the United States Marshals Service to personally serve Defendant Taylor within 30 days of the January 22, 2021 Order.  Doc. 21.  Just three days later, on January 25, 2021, Defendant Taylor's Waiver of Service was filed, though it is dated January 6, 2021.  Doc. 23.  Defendant Taylor moves for dismissal, along with the other three Defendants. Doc. 24.  Thus, the Court **VACATES** its January 22, 2021 Order.  The United States Marshals Service need not personally serve Defendant Taylor.

**SO ORDERED**, this 27th day of January, 2021.


BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA