**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| FREDDY L. WAMBACH, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-137 |
| v. | |
| ROBERT HOYT, et al., | |
| Defendants. | |

## <u>ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter is before the Court on Defendants' Motion to Dismiss.  Doc. 24.  Plaintiff filed a Response opposing Defendants' Motion.  Doc. 31.  For the reasons which follow, I **VACATE** the Court's November 14, 2019 and December 19, 2019 Orders allowing Plaintiff to proceed *in forma pauperis* and directing monthly payments be made from Plaintiff's prison trust account, respectively.  Docs. 3, 6.  Additionally, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff, who is incarcerated with the Georgia Department of Corrections, filed a 42 U.S.C. § 1983 cause of action alleging Defendants arrested him without probable cause and used excessive force during the arrest.  Doc. 1.  Plaintiff also filed a motion to proceed *in forma pauperis*, which the Court granted.  Docs. 2, 6.  After the Court conducted its requisite frivolity review, Plaintiff's claims against Defendants in their official capacities and his claims for false

arrest and false imprisonment were dismissed.  Doc. 13.  However, Plaintiff's claim for excessive force claim against Defendants remained pending.  Id.

Presently before the Court is Defendants' Motion to Dismiss.  Doc. 31.  Defendants argue Plaintiff's Complaint is due to be dismissed without prejudice because he is barred from proceeding *in forma pauperis* under the "three strikes" provision of 28 U.S.C. § 1915(g) and Plaintiff does not meet the imminent danger exception.  Id. at 1.  Alternatively, Defendants contend dismissal is appropriate because Plaintiff misrepresented his litigation history to the Court.  Id.

Plaintiff filed a Response to Defendants' Motion, arguing his case should not be dismissed under § 1915(g)'s three-strikes provision.  Doc. 31 at 1.  Plaintiff admits he accumulated "three strikes" while incarcerated in North Carolina from 1996 to 2003.  Id. at 2.  However, Plaintiff explains during subsequent periods of incarceration, he was able to file suits which were not dismissed under § 1915(g).  Id.

## DISCUSSION

### I.   Dismissal Under 28 U.S.C. § 1915(g)

Defendants argue Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(g) because Plaintiff has accumulated at least "three strikes."  Doc. 24 at 1.  In fact, Defendants explain they have identified at least seven dismissals that should count as strikes against Plaintiff and a previous Order where Plaintiff's case was dismissed under the three strikes rule.  Id. at 4– 7.  As explained above, Plaintiff does not contest he has accumulated these strikes or he has previously had a case dismissed under § 1915(g).  Doc. 31 at 2.  Instead, Plaintiff argues he was previously allowed to proceed without paying the filing fee despite his strikes, and, therefore, he

should also be allowed to do so in this case.  Id.  However, Plaintiff is incorrect and as explained

below, his case should be dismissed.

A prisoner seeking to proceed *in forma pauperis* in a civil action against officers or

employees of government entities must comply with 28 U.S.C. § 1915 of the Prison Litigation

Reform Act of 1995 ("PLRA").  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee

before federal courts may consider their lawsuits and appeals."  Rivera v. Allin, 144 F.3d 719,

723 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).  The

Eleventh Circuit Court of Appeals upheld the constitutionality of § 1915(g) in Rivera v. Allin,

concluding § 1915(g) does not violate the doctrine of separation of powers, nor does it violate an

inmate's rights to access to the courts, to due process of law, or to equal protection.  Rivera, 144

F.3d at 723–28.

As Defendants point out, a review of Plaintiff's history of filings reveals he has brought

at least three civil actions that were dismissed and constitute strikes under § 1915(g), including:

> (1)  Wambach v. Creecy, No. 15:96-CT-545 (W.D.N.C. Aug. 6, 1996)
>       (dismissed for failure to state a claim);
>
> (2)  Wambach v. Creecy, 104 F.3d 360 (4th Cir. 1996) (unpublished) (appeal
>       dismissed as frivolous); and
>
> (3)  Wambach v. Beck, No. 5:02-CT-721 (E.D.N.C. Nov. 12, 2002) (dismissed
>       as frivolous).

Additionally, the Court agrees Plaintiff has been identified as a three-striker in Wambach v.

Cabarrus County, 1:03-cv-251 (M.D.N.C. Mar. 19, 2003), *report and recommendation adopted*

*by* 1:03-cv-251 (Apr. 30, 2003).  Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate he meets the "imminent danger of serious physical injury" exception of § 1915(g).

## II.      Plaintiff's Allegations of Imminent Danger of Serious Physical Injury

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cnty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006)).  "In determining whether the imminent-danger exception applies, we construe a pro se plaintiff's complaint liberally, accept all of the allegations as true, and view the complaint as a whole." O'Connor v. Warden (O'Connor III), 754 F. App'x 940, 942 (11th Cir. 2019).  General and conclusory allegations not grounded in specific facts indicating injury is imminent cannot invoke the § 1915(g) exception. Sutton v. Dist. Attorney's Office, 334 F. App'x 278, 279 (11th Cir. 2009) ("[G]eneral assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" (quoting Brown v. Johnson, 387 F.3d 1344, 1349–50 (11th Cir. 2004))); see also Skillern v. Paul, 202 F. App'x 343, 344 (11th Cir. 2006); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding inmate's allegations "that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute").

Here, Plaintiff does not argue he qualifies for the imminent danger exception.  Further, Plaintiff's allegations are insufficient to show he was in imminent danger when he brought this action on November 12, 2019, as required to surpass § 1915(g)'s three strikes provision. Plaintiff's allegations of excessive force refer to past harm, which are insufficient to show he is currently in danger.  Doc. 1 at 12–13 (alleging Defendants used excessive force when arresting him on December 6, 2017); see Smith v. Dewberry, 741 F. App'x 683, 686 (11th Cir. 2018) ("[A] three-strike prisoner must show that he was in imminent danger of serious physical injury or was in jeopardy of an ongoing danger at the time he filed his complaint."); Skillern, 202 F. App'x at 344; Medberry, 185 F.3d at 1193 (finding inmate's allegations "that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute").

As Plaintiff does not qualify for the imminent danger exception, his status as a "three-striker" precludes him from proceeding in this case *in forma pauperis*.  Accordingly, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss and **DISMISS without prejudice** Plaintiff's Complaint due to Plaintiff's failure to prepay the entire filing fee in this case.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (providing trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3);

Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action and Defendants' Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **VACATE** the Court's November 14, 2019 and December 19, 2019 Orders allowing Plaintiff to proceed *in forma pauperis* and directing monthly payments be made from Plaintiff's prison trust account, respectively.  Docs. 3, 6.  Additionally, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of March, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA